IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY WEEKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-266-BN |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| incorrectly sued herein as ALL-STATE | § | |
| INSURANCE GROUP LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER CONCERNING
SUBJECT MATTER JURISDICTION**

Invoking 28 U.S.C. § 1332, the Court's diversity jurisdiction, as the sole basis

for federal subject matter jurisdiction, "ALLSTATE FIRE AND CASUALTY

INSURANCE COMPANY INCORRECTLY SUED HEREIN AS ALL-STATE

INSURANCE GROUP LLC" removed this case from a Dallas County state court on

February 6, 2023. *See* Dkt. No. 1.

And this matter is now before the Court under its independent duty to examine

its own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583-84 (1999) ("Subject matter limitations ... keep the federal courts within the

bounds the Constitution and Congress have prescribed. Accordingly, subject matter

delineations must be policed by the courts on their own initiative even at the highest

level." (cleaned up)).

Although the case has been pending for some time, the undersigned's review

of the notice of removal reveals a concern that Allstate Fire and Casualty Insurance

Company – which removed the case and is invoking the Court's jurisdiction – has failed to demonstrate that there is federal subject matter jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (footnote omitted)).

As the United States Supreme Court has recently explained,

> "[f]ederal courts are courts of limited jurisdiction." Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis."

*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (cleaned up). "Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up).

"The basic statutory grants of federal-court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (cleaned up).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States.

*Home Depot*, 139 S. Ct. at 1746 (cleaned up).

"In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." *Id.*

28 U.S.C. § 1441(a) generally governs removal of actions from state court and provides that,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

"Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot*, 139 S. Ct. at 1746.

The Supreme "Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* at 1748. "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (citations omitted). And, so, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,'

[28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The Supreme Court has also held that, "because the 'civil action ... of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint." *Home Depot*, 139 S. Ct. at 1748. The Supreme Court explained that,

> in other removal provisions, Congress has clearly extended the reach of the statute to include parties other than the original defendant. For instance, [28 U.S.C.] § 1452(a) permits "[a] party" in a civil action to "remove any claim or cause of action" over which a federal court would have bankruptcy jurisdiction. And [28 U.S.C.] §§ 1454(a) and (b) allow "any party" to remove "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Section 1441(a), by contrast, limits removal to "the defendant or the defendants" in a "civil action" over which the district courts have original jurisdiction.

*Home Depot*, 139 S. Ct. at 1749; *accord F.D.I.C. v. Loyd*, 955 F.2d 316, 326 n.10 (5th Cir. 1992) ("Under ordinary circumstances, only the defendant(s) may remove. *See* 28 U.S.C. § 1446(a); *American International Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988).").

And, "[t]o remove under [Section 1441(a)], a party must meet the requirements for removal detailed in other provisions." *Home Depot*, 139 S. Ct. at 1746.

> For one, a defendant cannot remove unilaterally. Instead, "all defendants who have been properly joined and served must join in or consent to the removal of the action." [28 U.S.C.] § 1446(b)(2)(A). Moreover, when federal jurisdiction is based on diversity jurisdiction, the case generally must be removed within "1 year after commencement

of the action," [28 U.S.C.] § 1446(c)(1), and the case may not be removed if any defendant is "a citizen of the State in which such action is brought," [28 U.S.C.] § 1441(b)(2).

*Home Depot*, 139 S. Ct. at 1746. These and other requirements and limitations that the removal statutes impose fall within what courts refer to as "removal jurisdiction" and "removal procedure." *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991)

Section 1441(a) and the other provisions of the removal statutes (28 U.S.C. §§ 1441-1455) implicate a distinction between a federal court's removal jurisdiction and its subject matter jurisdiction over a case that was first filed in state court.

Subject matter jurisdiction (or, as the removal statute refers to it, "original jurisdiction") and "removal jurisdiction" are not the same thing. *See, e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9, 17 (1983); *Baris*, 932 F.2d at 1543-44.

"Removal jurisdiction ... is totally dependent on satisfaction of the requirements for original jurisdiction." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 592 (2004) (citing 28 U.S.C. § 1441(a)). But parties and courts run into trouble "by conflating 'removal jurisdiction' with subject matter jurisdiction." *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) (cleaned up).

The Supreme Court has pointed to the distinction between the two, for purposes of removal and remand, when interpreting 28 U.S.C. § 1447, which "differentiates between removals that are defective because of lack of subject matter

jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

As the United States Court of Appeals for the Fifth Circuit has explained,

> section 1447(c) mentions original subject matter jurisdiction, rather than removal jurisdiction, in providing that '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' That phrase 'refers to want of federal subject matter jurisdiction.' When Congress has intended to refer to removal jurisdiction, it has distinguished that concept from the doctrine of original subject matter jurisdiction. *See, e.g.*, 45 U.S.C. § 822(e) ("original and removal jurisdiction"). Moreover, this court has had little difficulty in distinguishing between removal jurisdiction, on the one hand, and original or subject matter jurisdiction, on the other hand.
>
> More to the point, the plaintiffs misconstrue what is meant in section 1447(c) by the term "procedural defect." As used in that section, a "procedural" defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court:
>
>> The motion to remand must be made within 30 days after removal, if the objections are of a character that can be waived, such as formal and modal matters pertaining to the procedure for removal or the non-removability of a proceeding otherwise within federal jurisdiction.

*Baris*, 932 F.2d at 1544 (cleaned up).

The distinction between removal jurisdiction and subject matter jurisdiction has important practical and procedural effects under 28 U.S.C. § 1447(c): For removals that are defective based on violations of the removal statutes' provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox*, 544 F. App'x at 456 n.6 – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand

may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392

(citing 28 U.S.C. § 1447(c); cleaned up); *accord Baris*, 932 F.2d at 1543-44 ("The

plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack

of original subject matter jurisdiction. The former is waivable ... the latter is not."

(cleaned up)).

      As the Fifth Circuit has explained,

> an irregularity in removal is waivable and, if waived, a federal court has
> power to proceed with a removed case that is within its original
> jurisdiction but is not one subject to removal.... [W]here the case is
> actually ... within the scope of original jurisdiction ..., all matters
> concerning the removal of the case to the federal court are capable of
> waiver.... Hence, the word "procedural" in section 1447(c) refers to any
> defect that does not involve the inability of the federal district court to
> entertain the suit as a matter of its original subject matter jurisdiction.
> ....
> [W]hen section 1447(c) speaks of "any defect in removal procedure," it
> includes within its reach the bringing of an action not within the court's
> removal jurisdiction but that could have been brought originally in that
> court.
> ....
>     In a very recent case construing section 1447(c), we have defined
> "any defect in removal procedure" as "all non-jurisdictional defects
> existing at the time of removal." *In re Shell Oil Co.* ("*Shell I*"), 932 F.2d
> 1518, 1521 (5th Cir. 1991). Thus, we held in *Shell I* that by not moving
> to remand within thirty days, the plaintiffs waived a removal defect
> existing under 28 U.S.C. § 1441(b), to-wit, that two of the defendants
> were residents of the forum state. In a companion case, we now have
> held that "[a]s amended, [28 U.S.C.] § 1447(c) requires that motions for
> remand must be made within 30 days of removal, except in cases in
> which the court lacks subject matter jurisdiction." *In re Shell Oil Co.*
> ("*Shell II*"), 932 F.2d 1523, 1527 n.6 (5th Cir. 1991) (emphasis added).
> Hence, in the instant case, as shown by the reasoning of *Shell I* and *Shell
> II*, original subject matter jurisdiction is not waivable, but all other
> defects, including defects in removal jurisdiction, are fully subject to
> waiver under section 1447(c).
> ....
>     It is beyond doubt that although the parties can waive defects in
> removal, they cannot waive the requirement of original subject matter

jurisdiction – in other words, they cannot confer jurisdiction where Congress has not granted it.

*Baris*, 932 F.2d at 1544-45, 1545-46 (cleaned up).

The Fifth Circuit later explained that

[a] remand based on a lack of "removal jurisdiction" is not considered lack of subject matter jurisdiction but is instead a defect in removal procedure under 1441(b). Lack of authority to remove under [28 U.S.C.] § 1441(b) is not lack of subject matter jurisdiction. In [*Shell I*], for example, we treated removal on diversity grounds improper because there were resident defendants, as a defect in removal procedure rather than a lack of subject matter jurisdiction. 932 F.2d at 1518. Because this action could have been brought in the federal court originally as a maritime action, the district court had subject matter jurisdiction....

    The second question is whether this defect in removal is subject to waiver for failure to comply with the 30 day time limit on motions to remand. Because we have held that all removal defects are waivable except for lack of original subject matter jurisdiction, the defect here was waivable.

    The remaining question is whether the district court may grant the motion to remand despite its untimeliness. In [*Shell II*], 932 F.2d 1523, 1528 (5th Cir. 1991), we granted a writ of mandamus vacating a remand order, holding that "because the plaintiffs' motion for remand was untimely, the district court had no discretion to remand on the basis of improper removal." Under the present circumstances, Digicon did not waive its objection to the untimeliness of the remand by failing to raise the issue until a motion for reconsideration in the district court. *Id.* Accordingly, the district court erred in remanding the case despite the untimeliness of Shirley's motion to remand.

*In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) (cleaned up).

And, the following year, the Fifth Circuit explained that Section 1447(c)

makes a distinction between procedural defects in removal and lack of subject matter jurisdiction. If a plaintiff finds fault with a procedural element in removal, he has only thirty days in which to make a motion to remand. On the other hand, if he asserts that the federal court lacks subject matter jurisdiction, he may move to remand at any time before final judgment.

....

    Thus, our recent cases yield the following rule: If a plaintiff

initially could have filed his action in federal court, yet chose to file in
state court, even if a statutory provision prohibits the defendant from
removing the action and the defendant removes despite a statutory
proscription against such removal, the plaintiff must object to the
improper removal within thirty days after the removal, or he waives his
objection. Only in the case of a lack of subject matter jurisdiction – such
as no diversity of citizenship, or the absence of a federal question if that
were the sole ground for removal – may the plaintiff object to removal
after the thirty-day limit. Any other objection is procedural and waived
after thirty days.

*Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786, 787 (5th
Cir. 1993).

As the Supreme Court made clear in *Home Depot*, 139 S. Ct. 1743, "[t]he law
is clear that a case filed in state court may be removed to federal court only by 'the
defendant or the defendants,'" and "[a] non-party, even one that claims to be the
proper party in interest, is not a defendant and accordingly lacks the authority to
remove a case." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595-96 (5th Cir. 2020)
(quoting 28 U.S.C. § 1441(a); citations omitted).

Allstate Fire and Casualty Insurance Company – which removed this lawsuit
to federal court – admits that it was not the defendant named by Plaintiff Ricky
Weekes. It therefore lacked the authority under the removal statute to remove the
case.

But, as set out above, "[l]ack of authority to remove … is not lack of subject
matter jurisdiction." *Digicon Marine*, 966 F.2d at 160. So "[t]he fact that removal is
contrary to the technical requirements of [28 U.S.C.] § 1441(a) or § 1446(b) has no
effect on subject matter jurisdiction" because "Congress recognized cases would be
removed in contravention of the removal statutes but imposed a thirty-day period in

[28 U.S.C.] § 1447(c) for seeking remand on non-jurisdictional grounds." *Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) (cleaned up).

The defect involved in removal by a non-party (or a party other than a defendant) is based on Section 1441(a)'s requirements and therefore, based on the governing law laid out above, only implicates removal jurisdiction.

The Fifth Circuit's published decisions in the line of authority regarding removals by non-parties do not provide otherwise.

As discussed below, a non-party's removal based on diversity jurisdiction may lead to remand for lack of subject matter jurisdiction. But, absent a timely motion by a plaintiff, the defect under Section 1441(a) of removal by someone other than a named defendant is not a basis to remand. That is the best reading of the Fifth Circuit's holding in *Valencia*, 976 F.3d 593 – and of *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006), on which *Valencia* relies in part.

And, if either *Valencia* or *Salazar* could be read otherwise to hold that a defect under Section 1441(a) itself equates to a lack of subject matter jurisdiction, the earlier published Fifth Circuit decisions or the Supreme Court decisions quoted above – including *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019), which *Valencia* does not discuss or cite – would still control this question. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by

-10-

the Supreme Court or this court en banc)."); *United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)).

The *Valencia* decision also relies in part on *Housing Authority of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268 (5th Cir. 1973). The Fifth Circuit in *Millwood* discusses the question of whether a non-party can properly remove a case in terms of "removal jurisdiction" under 28 U.S.C. § 1441 or § 1442(a)(1), and, in that case, the plaintiff timely moved for remand. *See* 472 F.2d at 269, 272.

Later Fifth Circuit decisions describe *Millwood*'s holding "that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction," *De Jongh v. State Farm Lloyds*, 555 F. App's 435, 437 (5th Cir. 2014), or "that district court lacked subject matter jurisdiction over a matter removed by a non-party," *Valencia*, 976 F.3d at 596. But *Millwood* itself does not support that reading of its holding.

And, even if *Millwood* did hold that this defect under Section 1441 itself equates to a lack of original or subject matter jurisdiction under Sections 1331 or 1332, that holding, too, would no longer control in light of the intervening Supreme Court decisions discussed above. *Accord Salazar*, 455 F.3d at 575 ("Indeed, this court has held that where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action. *See Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).").

And the Fifth Circuit's explanation in *F.D.I.C. v. Loyd*, 955 F.2d 316 (5th Cir.

-11-

1992) (also cited in *Valencia*, 976 F.3d at 595-96), that a non-party's removal of a case from state court is improper is not at odds with such a defective removal also implicating only removal jurisdiction. *See* 955 F.2d at 326 ("Because only the presence of the FDIC in the case provides federal jurisdiction, it would certainly appear that the FDIC first had to be a party before the case was removable to federal court. Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court. .... Nevertheless, in this vein, it is clear that limiting the availability of the right to remove a case to the parties in that case accords with the general principles of removal. We cannot imagine that a private person who was not a party to the state court action could nevertheless remove the case to federal court. There is nothing in the removal statutes to suggest such an indiscriminate right." (footnote omitted)).

It may seem odd that a non-party's removal of a case from state court is not a nullity that can be raised at any time and even by the Court itself without a plaintiff's motion to remand.

But this kind of improper removal amounts only to a lack of removal jurisdiction because it does not involve the inability of a federal district court to entertain the suit as a matter of its original or subject matter jurisdiction. *See Baris*, 932 F.2d at 1544-45.

And the Court may not remand an action to state court *sua sponte* "for purely procedural defects" or based on a lack of removal jurisdiction. *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993) (finding "no basis, in either the language of the amended

statute or in policy, for conferring upon the district courts discretion *sua sponte* to remand for purely procedural defects"); *see also Schacht*, 524 U.S. at 392; *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[W]ithout a motion from a party, the district court's remand order is not authorized by [28 U.S.C.] § 1447(c). Similarly, a motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." (citations omitted)); *Digicon Marine*, 966 F.2d at 160.

The Fifth Circuit has also made clear that "an irregularity in removal is waivable and, if waived, a federal court has power to proceed with a removed case that is within its original jurisdiction but is not one subject to removal." *Baris*, 932 F.2d at 1544 (cleaned up).

Absent a timely remand motion raising a defect in removal jurisdiction based on a non-party's removing a case, that would seem to be the end of the analysis for cases removed based on federal-question jurisdiction under Section 1331.

But the removal of this lawsuit based on diversity jurisdiction under Section 1332 also raises jurisdictional concerns that are not based on the violation of Section 1441(a)'s limitation on who may remove a case to federal court.

Under Section 1332, each plaintiff's citizenship must be diverse from the citizenship of each defendant named in the operative pleading in state court, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). And, "[w]hen jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259

(5th Cir. 1988).

Here, the notice of removal and answer filed in state court include citizenship allegations concerning a non-party, so those allegations, even if distinctly and affirmatively alleged, are irrelevant.

And the petition filed in state court does not otherwise distinctly and affirmatively allege a basis for jurisdiction under Section 1332. *Compare* Dkt. No. 1-5 (naming a corporation or LLC – which is unclear – as the defendant but failing to allege its citizenship and principal place of business, or the citizenship of each of its members), *with, e.g., Getty Oil*, 841 F.2d at 1259 ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation. These rules are straightforward, and the law demands strict adherence to them." (cleaned up)); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction [over an LLC] must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."); *see also Valencia*, 976 F.3d at 596 ("As a non-party, Allstate Illinois did not have the right to remove the case to federal court; diversity jurisdiction cannot be premised on its actions.").

And, if the defendant named in the state court petition is not diverse, this Court could not have subject matter jurisdiction under Section 1332 over the case no matter what the removing non-party alleged as to its (the removing non-party's) citizenship. *See Valencia*, 976 F.3d at 596-97; *De Jongh*, 555 F. App'x at 439 & n.5

(explaining that "the district court lacked subject matter jurisdiction because each of the proper parties in this action – Jongh, Lloyds, and Johnson – are Texas residents" and that "State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction.").

At the same time, the Fifth Circuit has held that a district court cannot "appropriately assert removal jurisdiction by dismissing a nondiverse in-state defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed" and cannot "create removal jurisdiction based on diversity by substituting parties." *Salazar*, 455 F.3d at 573.

So, because the Court's subject matter jurisdiction appears to be lacking, remand appears to be required. *See* 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

But the undersigned will allow Allstate Fire and Casualty Insurance Company, which removed this lawsuit to federal court, an opportunity to address the concerns in this order through a response to be filed by **September 14, 2023** that

shows the Court how there was federal subject matter jurisdiction at the time that this case was removed or, if there was not, how (if at all) the jurisdictional deficiencies noted in this order may be cured, such that remand is not required.

And Weekes may file a reply to the response by **September 28, 2023**.

SO ORDERED.

DATED: August 25, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE