IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY WEEKES, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-266-BN |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| incorrectly sued herein as ALL-STATE § | |
| INSURANCE GROUP LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER REMANDING TO STATE COURT**

Invoking 28 U.S.C. § 1332, the Court's diversity jurisdiction, as the sole basis for federal subject matter jurisdiction, "ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY INCORRECTLY SUED HEREIN AS ALL-STATE INSURANCE GROUP LLC" removed this case from a Dallas County state court. *See* Dkt. No. 1.

As the Court explained in its Memorandum Opinion And Order Concerning Subject Matter Jurisdiction [Dkt. No. 13], this matter is now before the Court under its independent duty to examine its own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject matter delineations must be policed by the courts on their own initiative even at the highest level." (cleaned up)).

Although the case has been pending in federal court for some time, the Court's

review of the notice of removal revealed a concern that Allstate Fire and Casualty Insurance Company – which removed the case as "ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY INCORRECTLY SUED HEREIN AS ALL-STATE INSURANCE GROUP LLC" and is invoking the Court's jurisdiction on removal – has failed to demonstrate that there is federal subject matter jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (footnote omitted)).

## Background

Plaintiff Ricky Weeks sued All-State Insurance Group LLC in state court. *See* Dkt. No. 1-5. Weekes alleged that "Defendant All-State Insurance Group LLC, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to section 5.201 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Dan Briones, at 8001 LBJ Fwy 401, Dallas, Texas 75083, its registered office." Dkt. No. 1-5 at 2 of 11.

This drew an appearance and the filing of an Original Answer in state court by "ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY INCORRECTLY SUED HEREIN AS ALL-STATE INSURANCE GROUP LLC." Dkt. No. 1-5 at 7-11 of 11; *see also* Dkt. No. 1-3 (listing Exhibit C as "All documents and orders filed in the State Court Action" and including only "1. Plaintiff's Original Petition – January 4, 2023" and "2. Defendant's Original Answer – February 3, 2023); Dkt. No. 1-4 (state

court docket sheet reflecting filing only of the original petition and original answer).

"ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY INCORRECTLY SUED HEREIN AS ALL-STATE INSURANCE GROUP LLC" then filed Defendant's Notice of Removal here in federal court. *See* Dkt. No. 1. It alleged that "Plaintiff is a citizen of the State of Texas and domiciled in Texas as well"; that "Defendant is incorporated in the state of Illinois and its principal place of business is in that state"; and that, "[t]herefore, the parties are completely diverse." *Id.* at 3.

## Legal Standards

As the United States Supreme Court has recently explained,

> "[f]ederal courts are courts of limited jurisdiction." Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis."

*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (cleaned up).

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up).

"The basic statutory grants of federal-court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (cleaned up).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question

jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States.

*Home Depot*, 139 S. Ct. at 1746 (cleaned up).

"In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." *Id.*

28 U.S.C. § 1441(a) generally governs removal of actions from state court and provides that,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

"Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot*, 139 S. Ct. at 1746.

The Supreme "Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* at 1748. "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (citations omitted).

And, so, "[w]hen a plaintiff files in state court a civil action over which the

-4-

federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). And "removal under § 1441(b)(2) is permissible only if complete diversity exists among all *named* parties: Each plaintiff must be diverse from each defendant, *i.e.*, there must be what is known as complete diversity." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up; emphasis in original). And "diversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court." *Id.* (cleaned up; emphasis in original).

The Supreme Court has also held that, under 28 U.S.C. § 1441(a), "because the 'civil action ... of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint." *Home Depot*, 139 S. Ct. at 1748. As the Supreme Court made clear in *Home Depot*, 139 S. Ct. 1743, "[t]he law is clear that a case filed in state court may be removed to federal court only by 'the defendant or the defendants,'" and "[a] non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595-96 (5th Cir. 2020) (quoting 28 U.S.C. § 1441(a); citations omitted).

And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed

-5-

from state court], the case shall be remanded" to state court. 28 U.S.C. § 1447(c). And, so, for "removals that are defective because of lack of subject matter jurisdiction" (or, as the removal statute refers to it, "original jurisdiction"), "remand may take place without [a motion to remand filed by the plaintiff] and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (citing 28 U.S.C. § 1447(c); cleaned up).

And, even if, "[h]aving found himself in federal court after removal, the plaintiff may want to stay there," *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284-85 (5th Cir. 2004) (cleaned up), the parties "cannot waive the requirement of original subject matter jurisdiction – in other words, they cannot confer jurisdiction where Congress has not granted it," *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991); *accord Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021) (explaining that "subject matter jurisdiction can never be conferred by forfeiture or waiver" (citing 28 U.S.C. § 1447(c))). If a "district court had no original jurisdiction over th[e removed] case ..., a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of [28 U.S.C.] § 1447(c)." *Baris*, 932 F.2d at 1546 (cleaned up).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). And, so, here, Allstate Fire and Casualty Insurance Company – which sought removal – "bear[s] the burden of proving both" complete diversity and that the amount in controversy satisfied the jurisdictional minimum. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

## Analysis

Allstate Fire and Casualty Insurance Company – which removed this lawsuit to federal court – admits that it was not the defendant named by Plaintiff Ricky Weekes. *See* Dkt. No. 1; Dkt. No. 1-5.

As the Court explained in its Memorandum Opinion And Order Concerning Subject Matter Jurisdiction [Dkt. No. 13], as a non-party that was not the defendant named in the original state court petition, Allstate Fire and Casualty Insurance Company lacked the authority under the removal statute to remove the case. But this kind of improper removal amounts only to a lack of removal jurisdiction because it does not involve the inability of a federal district court to entertain the suit as a matter of its original or subject matter jurisdiction. *See Baris*, 932 F.2d at 1544-45.

And the Court may not remand an action to state court *sua sponte* "for purely procedural defects" or based on a lack of removal jurisdiction. *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993). The United States Court of Appeals for the Fifth Circuit has also made clear that "an irregularity in removal is waivable and, if waived, a federal court has power to proceed with a removed case that is within its original jurisdiction but is not one subject to removal." *Baris*, 932 F.2d at 1544 (cleaned up).

But the removal of this lawsuit based on diversity jurisdiction under Section 1332 also raises jurisdictional concerns that are not based on the violation of Section 1441(a)'s limitation on who may remove a case to federal court.

Under Section 1332, each plaintiff's citizenship must be diverse from the citizenship of each defendant named in the operative pleading in state court, and the

amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). And, "[w]hen jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Here, the notice of removal and answer filed in state court include citizenship allegations concerning a non-party, *see* Dkt. No. 1; Dkt. No. 1-5, so those allegations, even if distinctly and affirmatively alleged, are irrelevant.

And the petition filed in state court does not otherwise distinctly and affirmatively allege a basis for jurisdiction under Section 1332. *Compare* Dkt. No. 1-5 (naming a corporation or LLC – which is unclear – as the defendant but failing to allege its citizenship and principal place of business, or the citizenship of each of its members), *with, e.g.*, *Getty Oil*, 841 F.2d at 1259 ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation. These rules are straightforward, and the law demands strict adherence to them." (cleaned up)); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction [over an LLC] must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."); *see also Valencia*, 976 F.3d at 596 ("As a non-party, Allstate Illinois did not have the right to remove the case to federal court; diversity jurisdiction cannot be premised on its actions.").

And, if the defendant named in the state court petition is not diverse, this

Court could not have subject matter jurisdiction under Section 1332 over the case no matter what the removing non-party alleged as to its (the removing non-party's) citizenship. *See Valencia*, 976 F.3d at 596-97; *De Jongh v. State Farm Lloyds*, 555 F. App's 435, 439 & n.5 (5th Cir. 2014) (explaining that "the district court lacked subject matter jurisdiction because each of the proper parties in this action – Jongh, Lloyds, and Johnson – are Texas residents" and that "State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction.").

At the same time, the Fifth Circuit has held that a district court cannot "appropriately assert removal jurisdiction by dismissing a nondiverse in-state defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed" and cannot "create removal jurisdiction based on diversity by substituting parties." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006).

The Court allowed Allstate Fire and Casualty Insurance Company, which removed this lawsuit to federal court, an opportunity to address the concerns in this order through a response to be filed by **September 14, 2023** that shows the Court

-9-

how there was federal subject matter jurisdiction at the time that this case was removed or, if there was not, how (if at all) the jurisdictional deficiencies noted in this order may be cured, such that remand is not required. *See* Dkt. No. 13. It has made no filing in response.

It appears that this Court lacks subject matter jurisdiction, but, in any event, the Court's subject matter jurisdiction has not been shown to exist through complete diversity of Weekes and the defendant named in the original state court petition both at the time of filing in state court and at the time of removal to federal court.

And, so, the Court must, under Section 1447(c), remand this case. *Accord Spivey v. Chitimacha Tribe of La.*, ___ F.4th ___, No. 22-30436, 2023 WL 5274419, at *2 (5th Cir. Aug. 16, 2023) (explaining that, under 28 U.S.C. § 1447(c), "when a district court determines that it lacks subject matter jurisdiction over a removed case, it *must* remand" (emphasis in original)).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to grant or deny attorneys' fees under Section 1447(c) is discretionary. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Court, under the circumstances, declines to order payment of costs and expenses under Section 1447(c).

**Conclusion**

The Court REMANDS this action to the 68th Judicial District Court, Dallas County Texas, from which it was removed.

SO ORDERED.

DATED: September 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE